**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| JANE DOE, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>PURDUE UNIVERSITY and LANCE )<br>DUERFAHRD, )<br>    Defendants. ) | CAUSE NO.: 4:18-CV-72-JVB-JEM |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Jane Doe's Notice of *Ex Parte* Motion to Proceed Under Psuedonym [DE 1], filed September 20, 2018. Plaintiff seeks to proceed in this action using a pseudonym because of the "sensitive and exceptional" nature of her allegations. Defendant Purdue University responded on March 6, 2019, indicating that it did not object to the request. Defendant Lance Duerfahrd responded on March 18, 2019, objecting to the request. Plaintiff replied to Duerfahrd's response on March 25, 2019.

**I.     Background**

Plaintiff Doe, who was a student at Purdue University, alleges that she was repeatedly sexually assaulted by Defendant Duerfahrd, a professor at Purdue. The Complaint alleges, in brief: Plaintiff was a student in two of Duerfahrd's classes in 2006. Duerfahrd began a relationship with Plaintiff wherein he induced her to spend time with him, purportedly for necessary academic reasons. The interactions quickly became personal and intrusive and had no academic purpose. Plaintiff alleges that Duerfahrd violently sexually assaulted her on multiple occasions, and the Complaint includes lengthy and graphic descriptions of the alleged assaults. Plaintiff sued Duerfahrd for sexual assault, sexual battery, and international infliction of emotional distress, and sued Purdue for negligent retention and supervision and violation of Title IX of the Educational Amendments of

1972.

Plaintiff seeks to proceed in this action using a pseudonym because of the privacy concerns implicated by her allegations. Defendant Purdue does not object to the request. Defendant Duerfahrd argues that these are not "exceptional circumstances" that merit a pseudonym, that Plaintiff intentionally used overly graphic details in the Complaint to attack his reputation, and that fairness requires that she "stand behind" her claims publicly.

## II.     Analysis

Federal Rule of Civil Procedure 17 requires that civil actions be prosecuted in the name of the real party in interest. *See* Fed. R. Civ. P. 17. The Seventh Circuit Court of Appeals has explained that "[t]he use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Doe v. Blue Cross and Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *see also Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) ("The presumption that parties' identities are public information . . . can be rebutted by showing that the harm to the [movant] . . . exceeds the likely harm from concealment."). Although there is no single test to define those circumstances, district courts in the Seventh Circuit have considered the following non-exclusive list of factors:

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced.

*Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017) (citing *Doe v. Ind. Black Expo, Inc.*, 923 F.Supp. 137, 140 (S.D. Ind. 1996)); *see also Doe v. Trustees of Ind. Univ.*, No.

1:12-CV-1593-JMS-DKL, 2013 WL 3353944, at *3 (S.D. Ind. July 3, 2013); *Noe v. Carlos*, No. 2:08 CV 227, 2008 WL 5070463, at *2-3 (N.D. Ind. Nov. 26, 2008) (considering the same factors). The Court should also consider whether a less restrictive alternative could protect the parties' legitimate interests. *Doe v. Purdue Univ.*, 321 F.R.D. at 341 (citing *Ind. Black Expo, Inc.*, 923 F.Supp. at 140). Factors 1, 2, 4 and 5 are relevant to this case, and the Court considers each in turn.

The first factor is whether the plaintiff is challenging governmental activity. *See Does v. City of Indianapolis, Ind.*, No. 1:06-CV-865-RLY-WTL, 2006 WL 2289187, at *2 (S.D. Ind. Aug. 7, 2006) (reasoning that when suing the government, a plaintiff "presumably represents a minority interest . . . and there is arguably a public interest in a vindication of his rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant.") (quoting *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003)).

Although Purdue is a government entity, Duerfahrd argues that the first factor should not apply, because there is no concern of Purdue retaliating against Plaintiff, and because Duerfahrd has a similar interest in protecting his reputation to that of an ordinary individual defendant. Duerfahrd cites no authority for the proposition that the first factor relies on the threat of government reprisal, and Plaintiff does argue a risk of reprisal – specifically, related to her potential need to secure recommendations from Purdue or its employees to continue her academic career. Duerfahrd is an individual defendant who no longer works at Purdue, and at this point has no less significant interest than an ordinary defendant in protecting his reputation. Nonetheless, Plaintiff is challenging governmental activity within her lawsuit, including activity by Purdue itself and activity by Duerfahrd while he was a government employee. Those circumstances support Plaintiff's request to use a pseudonym.

3

The second factor is whether the plaintiff would be required to disclose "information of the utmost intimacy." Plaintiff argues that the use of a pseudonym has been used to protect alleged victims of sexual assault, while Duerfahrd points to cases in which alleged sexual assault victims were not permitted a pseudonym. In addition, Duerfahrd says that the Complaint includes detail that was "well beyond" what was necessary to state a claim, which he says weighs against the "intimacy" of the information.

Although the mere revelation of a plaintiff's sexual history does not justify anonymity, the Seventh Circuit Court of Appeals has frequently listed sexual assault as an exceptional circumstance that can justify a pseudonym. *See*, *e.g.*, *Doe v. Vill. of Deerfield*, 819 F.3d 372, 377 (7th Cir. 2016) (stating that fictitious names can be warranted in protecting the identities of "rape victims"); *Doe v. Chicago*, 360 F.3d at 669 (suggesting that anonymity can be appropriate where the plaintiff is "a rape or torture victim"); *Doe v. Blue Cross*, 112 F.3d at 872 ("[F]ictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties."); *see also Doe v. St. Clair Cty.*, No. 18-CV-380-SMY-SCW, 2018 WL 1071744, at *1 (S.D. Ill. Feb. 26, 2018) (holding that "the highly sensitive, personal nature" of the alleged sexual assault justified a pseudonym); *Doe v. Purdue Univ.*, 321 F.R.D. at 342 (permitting a pseudonym in a sexual assault case and listing similar cases in the university context).

Duerfahrd relies heavily on *Doe v. Butler University*, in which the court denied the plaintiff's request to use a pseudonym and noted that the intimate facts in the complaint went "well beyond what is necessary" to state a claim, including the names of women with whom he claimed to have had consensual sex. No. 1:16-cv-1266-TWP-DML, [DE 108], (S.D. Ind. Jan. 8, 2018). In that case, the plaintiff sued Butler University after Butler adjudged that he had sexually assaulted a woman and therefore expelled him. *Id.* at 1. The party seeking anonymity did not allege that he was a *victim*

4

of sexual assault, which is a crucial distinction is assessing the intimacy of the information. *Id.* at 5-6; *see also Doe v. Vill. of Deerfield*, 819 F.3d at 377 (stating that fictitious names can be warranted for "rape victims," but not necessarily for "a sexual harassment claim, standing alone without any allegations of rape") (citations omitted).

In addition, the fact that vivid allegations appear in the Complaint does not mean that the information is not intimate. To state her claim for intentional infliction of emotional distress, for example, Plaintiff had to state that Duerfahrd's alleged sexual conduct was "extreme and outrageous . . . exceed[ing] all bounds usually tolerated by a decent society and caus[ing] mental distress of a very serious kind." *Creel v. I.C.E. & Assocs., Inc.*, 771 N.E.2d 1276, 1282 (Ind. Ct. App. 2002) (citations omitted). Graphic details are appropriate in pleading that kind of claim. If Duerfahrd thought that any part of the Complaint was "redundant, immaterial, impertinent, or scandalous," he could have filed a motion to strike. Fed. R. Civ. P. 12(f). Ultimately, regardless of the thoroughness of the Complaint, Plaintiff would still have to "disclose information of the utmost intimacy" in discovery and at trial. *Doe v. Purdue Univ.*, 321 F.R.D. at 342 ("If anything, the details in the Complaint . . . strengthen the argument that highly sensitive and personal details of an intimate nature will be at issue in this case."). Therefore, the Court finds that the second factor weighs in favor of Plaintiff's use of a pseudonym.

The fourth factor is whether the plaintiff would risk suffering injury if identified. Plaintiff argues that she could be retaliated against by members of the Purdue community, at her new school, and by future employers. She states that she has been diagnosed with "severe PTSD, MDD[1] and insomnia" caused by Duerfahrd's conduct, and that "further invasion into her privacy" would likely

---

[1] The Court interprets Plaintiff's reference to "MDD" as describing "major depressive disorder."

cause those conditions to deteriorate. Duerfahrd argues that Plaintiff has not offered sufficient evidence that this issue is related to her mental or psychiatric health, or particularized reasons why proceeding publicly would cause her psychological injury.

The Court declines to speculate as to the effects of revealing Plaintiff's identity on the illnesses described in her motion. However, the issues in this case are sensitive, and the case has already drawn media attention and public comment. *See, e.g.,* WLFI.COM, Purdue and Former Professor Being Sued for Neglecting Extensive Sexual Abuse Case, (September 21, 2018), https://www.wlfi.com/content/news/Purdue-and-former-professor-being-sued-for-neglecting-extensive-sexual-abuse-case-494006421.html. Courts considering this issue have acknowledged a generalized risk faced by individuals who allege sexual assault. *See, e.g., Doe v. St. Clair Cty.*, 2018 WL 1071744 at *1 (finding that, where her sexual assault accusation was reported in the media, the plaintiff "lives in fear of retaliation and has legitimate fears of humiliation for bringing this lawsuit"); *Doe No. 62 v. Ind. Univ. Bloomington*, No. 1:16-CV-1480-JMS-DKL, 2016 WL 11553229, at *2 (S.D. Ind. Aug. 26, 2016) (permitting anonymity because a plaintiff's "reasonable fear of social stigmatization and confrontation" after her allegation of sexual assault may "put[] her at risk of further mental suffering and damage"). Once Plaintiff's name is released, it is unlikely that less restrictive alternatives, such as a protective order or sealing of particular filings, would reduce that kind of risk. Noting Duerfahrd's objection regarding the particular risks claimed by Plaintiff, the Court nonetheless finds that there is some risk of injury, which supports the use of a pseudonym.

The fifth factor is whether Defendants would be prejudiced by the use of the pseudonym. Purdue, in agreeing to the request, has not stated that it would be prejudiced. However, Duerfahrd argues that he would be prejudiced because Plaintiff's allegations publicly impugn Duerfahrd's reputation and credibility while Plaintiff herself would remain anonymous. To some extent, that kind

of prejudice is present in any case where a plaintiff is anonymous and a defendant is not, although Duerfahrd emphasizes that the allegations here are particularly damaging. Citing cases in which pseudonyms were not permitted, Duerfahrd notes that Plaintiff's credibility is at issue, and states that he cannot defend his reputation against her accusations if she is allowed to proceed anonymously. Duerfahrd does not identify any argument he could not put forward because of Plaintiff's anonymity, or what argument he can make that relies on public knowledge of Plaintiff's name. Nonetheless, serious personal accusations that directly implicate a defendant create prejudice that weighs against permitting a pseudonym. *See Ind. Black Expo, Inc.*, 923 F. Supp. at 141 ("[Plaintiff's] claims directly accuse the defendants of several forms of serious and deliberate wrongdoing. He attacks the defendants' integrity and reputations. . . . The defendants in such a case have a powerful interest in being able to respond publicly to defend their reputations, not only in court but also in other situations where the claims in the lawsuit may be of interest to those with whom the defendants have business or other dealings.").

Duerfahrd also argues that he would be prejudiced in his defense of the legal case, because Plaintiff's anonymity would preclude the possibility of "other witnesses heretofore unknown to Duerfahrd" coming forward. Plaintiff will be required to disclose any individuals she knows are likely to have discoverable information. *See* Fed. R. Civ. P. 26(a)(1)(A). The hypothetical witness suggested by Duerfahrd's argument is unknown to both parties, but knows relevant information as to Plaintiff's specific claims against Duerfahrd, and would come forward on his or her own when Plaintiff's name is released (but not if Duerfahrd's name is the only one released). The scenario appears unlikely, and Duerfahrd offers no argument as to why he would expect such a witness.

Given the intimacy of the information Plaintiff will disclose in this case and the risk of injury to Plaintiff in revealing her identity, and having considered the prejudice to Duerfahrd of Plaintiff

7

proceeding pseudonymously, the Court concludes that this case is an "exceptional circumstance" in which the harm from exposing Plaintiff's identity would exceed the harm from concealing it. *Doe v. Blue Cross*, 112 F.3d at 872. Therefore, Plaintiff is permitted to use a pseudonym.

### III. Conclusion

Having considered the motion, and concluding that the circumstances in this case warrant an exception to the general rule that the parties identities' are public information, the Court hereby **GRANTS** the relief requested in Plaintiff Jane Doe's Notice of *Ex Parte* Motion to Proceed Under Psuedonym [DE 1].

On February 22, 2019, the Court ordered argument on the issue of whether the instant motion itself, which was filed *ex parte*, should be kept off the public docket. Plaintiff filed a notice indicating that she did not object to the motion appearing on the docket, and neither Defendant addressed the issue. Therefore, the Court **DIRECTS** the Clerk of Court to place the motion and attached memorandum at [DE 1] on the public docket.

SO ORDERED this 30th day of April, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record