JANE DOE,

        Plaintiff,

        v.

PURDUE UNIVERSITY and LANCE DUERFAHRD,

        Defendants.

Civil Action No. 4:18-CV-72 JVB

**OPINION AND ORDER**

Plaintiff filed a motion for permission to litigate under the pseudonym Jane Doe and for a protective order restraining Defendants Purdue University and Lance Duerfahrd from revealing her identity. Purdue did not oppose the motion but Duerfahrd does. The magistrate judge granted the motion without limitation (DE 38). The matter is now before the Court on Duerfahrd's objections (DE 46 as amended by DE 47) to the magistrate's order.

**A.    Background**

Plaintiff is a former Purdue University student who alleges in her amended complaint, among other things, that Duerfahrd, one of her professors at Purdue, sexually assaulted her. In support of her motion to proceed as Jane Doe, she alleges that the "sensitive and exceptional" nature of her allegations warrant a departure from the requirement of Federal Rule of Civil Procedure 17 that civil actions be prosecuted in the name of the real party in interest.

**B.     Discussion**

Federal Rule of Civil Procedure 72 permits a party to file objections to a magistrate judge's order on a non-dispositive matter, whereupon the district judge in the case must consider the objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law."

There is no Seventh Circuit precedent that controls this case, although that court has stated in dicta that "fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses." *Doe v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). There are numerous district court cases that have come out on one side of the question or the other under facts similar to those in the case at bar. Under these circumstances, although the Court may have decided the issue differently in the first instance, it is unable to conclude that the magistrate judge's decision to allow Plaintiff to be identified on the public docket as Jane Doe is clearly erroneous or contrary to law.

But the opinion goes too far to the extent that it precludes Defendants from identifying Plaintiff in discovery and permits her to identify herself only as Jane Doe before a jury if this case proceeds to trial. Moreover, Duerfahrd has presented evidence that Plaintiff, despite her claimed privacy concerns, has brought attention to the case through press releases and social media postings, allowing her to attack him in public while he cannot publicly defend himself. This behavior will not be allowed to continue.

C.  **Conclusion**

For the foregoing reasons, the Court overrules in part and sustains in part Duerfahrd's objections to the magistrate judge's order of April 30, 2019, (DE 38) and modifies the order as follows:

1. Plaintiff shall be identified on the public docket as Jane Doe;

2. Plaintiff, her counsel, and anyone else acting on her behalf are forbidden to make any further public statement about this case until the litigation is concluded;

3. Plaintiff's counsel shall immediately remove all references to this litigation from their firm website and firm Facebook page;

4. Duerfahrd may identify Plaintiff during discovery, fact investigation, and depositions. Any documents filed with the Court bearing Plaintiff's name or personal identification information must either be filed under seal or redacted by the party filing them;

5. Plaintiff shall not proceed anonymously at the trial of this matter;

6. By September 5, 2019, Plaintiff shall file under seal her true name and address. Without knowing who the Plaintiff is, neither the district court nor the magistrate judge can determine whether there are any conflicts.

SO ORDERED on August 28, 2019.

                                                  s/ Joseph S. Van Bokkelen
                                                  Joseph S. Van Bokkelen
                                                  United States District Judge
                                                  Hammond Division