UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| JANE DOE, <br>     Plaintiff, | ) <br> ) <br> ) | |
| v. | ) <br> ) | CAUSE NO.: 4:18-CV-72-JVB-JEM |
| LANCE DUERFAHRD and <br> PURDUE UNIVERSITY, <br>     Defendants. | ) <br> ) <br> ) <br> ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Appoint Counsel [DE 158], filed by Plaintiff Jane Doe on March 3, 2021. Plaintiff requests that she be appointed counsel, explaining her inability to litigate on her own behalf and listing a number of attorneys she contacted in her unsuccessful attempts to retain representation after her previous attorneys withdrew. On March 10, 2021, Defendant Purdue filed a response indicating that it joins Plaintiff in the request that she be appointed an attorney to represent her, but disputing some of the other contentions in the Motion. The same day, Defendant Duerfahrd filed a motion to strike or seal Plaintiff's Motion because of the information included beyond what is relevant to a request for counsel. That request will be handled by separate order.

"[T]here is no constitutional or statutory right to court-appointed counsel" in federal civil cases. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). However, in some circumstances, the court may ask an attorney to volunteer to represent an indigent party. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) . . . does the plaintiff appear competent to litigate it himself?" *Id.* at 654. "The

inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655).

Plaintiff has demonstrated an attempt to obtain counsel, and it is apparent that without the assistance of counsel Plaintiff will be unable to gather the evidence necessary to reach a just adjudication of her claims, which distinguishes this case from the majority of other cases. Few individuals can litigate as effectively as a lawyer; nevertheless, most are able to gather and present the facts and are able to explain their claims adequately enough to achieve a just result.

Under Northern District of Indiana Local Rule 83-5(e), attorneys practicing in this Court are governed by the Seventh Circuit Standards for Professional Conduct and the Rules of Professional Conduct adopted by the Indiana Supreme Court. Pursuant to Indiana's Rules of Professional Conduct, "[a] lawyer should be mindful of deficiencies in the administration of justice and of the fact that the poor, and sometimes persons who are not poor, cannot afford adequate legal assistance. Therefore, all lawyers should devote professional time and resources and use civic influence to ensure equal access to our system of justice " *See* Preamble, *Indiana Rules of Professional Conduct* ("RPC"). All lawyers have a responsibility to assist in providing *pro bono publico* service and "[a] lawyer shall not seek to avoid appointment by tribunal to represent a person except for good cause." *See* RPC 6.1 and 6.2. This obligation to provide *pro bono publico* services may, in part, be fulfilled by accepting representation of indigent clients.

Therefore, this Court, in reliance upon the Local Rules and the Indiana Rules of Professional Conduct, hereby **GRANTS** the Motion to Appoint Counsel [DE 158] and **REQUESTS** that **Attorney Andrew Lucas of the firm Martz & Lucas, LLC** represent Plaintiff in the above

2

captioned matter. The Court hereby **DIRECTS** the Clerk of Court to provide **Attorney Lucas** electronic access to the Court's file including the docket sheet. **Attorney Lucas** is given thirty days to review the Court file and inform the Court whether they accept this *pro bono* appointment. An extension of time will be granted if necessary, upon request.

The Court hereby **VACATES** the Status Conference currently set for April 1, 2021, and **SETS** a telephonic status conference for **April 13, 2021, at 1:00 p.m.** (Central Time). Parties are instructed to dial 877-873-8017 and enter access code 5155509# when prompted.

SO ORDERED this 11th day of March, 2021.

                                            s/ John E. Martin
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:    All counsel of record
        Plaintiff, *pro se*
        Andrew Lucas, Martz & Lucas, LLC, 105 Lincolnway, Valparaiso, IN, 46383