UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| JANE DOE, an individual, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CAUSE NO: 4:18-CV-00072-TLS |
| PURDUE UNIVERSITY, a public entity, | ) | |
|     Defendant. | ) | |
| | ) | |

**PURDUE UNIVERSITY'S STATUS REPORT ON REOPENING DISCOVERY FOR LIMITED PURPOSES**

Defendant The Trustees of Purdue University ("Purdue University" or, simply, "Purdue") provides this report to the Court on the status of negotiations to reopen discovery in this matter for limited purposes, as follows:

1. Between March 20 and April 2, 2020, Plaintiff's prior counsel designated Kristin Kucsma (economist), Amanda Spadaccini (mental health clinician), and Edward Cuccia (immigration attorney) as expert witnesses. Plaintiff has not served any supplemental reports for those witnesses, nor has she sought leave to designate any different or additional expert witness or to serve any supplemental reports.

2. Plaintiff was deposed in October 2021 at the office of Purdue's counsel of record in Lafayette, Indiana.

3. At some subsequent date unknown to Purdue, Plaintiff reportedly returned to her native India due to lack of a student visa or other authorization permitting her to remain in the United States.

4. The Kucsma report disclosed by Plaintiff in 2020 addresses Plaintiff's immigration status in the United States in relation to her alleged damages for loss of educational opportunity and loss of earnings. The 2020 disclosure of Edward Cuccia, who was identified as being "Plaintiff's primary immigration attorney since 2018," addresses Plaintiff's immigration status.

5. Purdue served discovery requests on Plaintiff on May 3, 2019, and August 27, 2020. Regarding the supplementation requirement of Federal Rule of Civil Procedure 26(e)(1)(A), the undersigned has recently met and conferred with Plaintiff's counsel who has agreed that Plaintiff will supplement her responses to those discovery requests and her Rule 26(a)(1)(A)(iii) damage disclosure no later than March 31, 2023.

6. The requested discovery supplementation encompasses (but is not limited to) all documents of every kind that have been filed by or on behalf of Plaintiff or the United States regarding Plaintiff in any immigration proceedings pending in any court or with any immigration authority in the United States, as well as all documents of every kind issued from any such court or immigration authority to or regarding Plaintiff with respect to visa processing or enforcement of applicable immigration law.

7. Once Purdue receives Plaintiff's discovery supplementation pursuant to Federal Rule of Civil Procedure 26(e)(1)(A), Purdue anticipates moving this Court for (i) leave to depose Plaintiff by Zoom or similar videoconferencing service regarding disclosures and events since her 2021 deposition, (ii) leave for Purdue to

serve written discovery to Plaintiff regarding any matter within the scope of the supplementation, and (iii) leave for Purdue to designate rebuttal expert testimony within 45 days following the conclusion of the deposition of Plaintiff.

WHEREFORE, Purdue respectfully requests that this Court set this matter for a telephonic status conference after April 6, 2023 to address the status of any pending case management motions or stipulations filed before that date.

Dated: February 13, 2023                Respectfully submitted,

/s/ William P. Kealey
William P. Kealey
Matthew M. Humble
STUART & BRANIGIN LLP
300 Main Street, Suite 900
P.O. Box 1010
Lafayette, IN 47902-1010
Email:  wpk@stuartlaw.com
        mmh@stuartlaw.com
Telephone: 765.423.1561
***Attorneys for Defendant The Trustees of Purdue University***

1548190v1